# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| VICTORIA CELESTE HERNANDEZ, *Plaintiff* § § § | |
| v. § § § | Case No. 1:24-CV-01187-RP-SH |
| ST. VINCENT DE PAUL REHABILITATION SERVICES OF TEXAS D/B/A PEAK PERFORMERS, *Defendant* § § § § | |

## ORDER

Before the Court are Plaintiff Victoria Celeste Hernandez's Complaint (Dkt. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2), both filed October 4, 2024. On February 25, 2025, the District Court referred this case to this Magistrate Judge, pursuant Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 5.

### I.  Application for *In Forma Pauperis* Status

Under 28 U.S.C. § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she is unable to pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application for *in forma pauperis* status. Plaintiff is advised that her *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is also advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff brings this employment discrimination suit under Title VII of the Civil Rights Act of 1964 against her former employer, St. Vincent De Paul Rehabilitation Serves of Texas Inc. doing

business as Peak Performers. Plaintiff alleges that she was discriminated against because of her sex and national origin and retaliated against by being terminated on September 6, 2023, after she complained about the discrimination. Plaintiff shows that she has exhausted her administrative remedies by attaching to her Complaint her right to sue letter from the U.S. Equal Employment Opportunity Commission. Dkt. 1-2.

Plaintiff's allegations are sufficient to avoid dismissal for frivolousness. This Magistrate Judge does not recommend that the District Court dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

### III.  Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on March 7, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE