IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTORIA CELESTE HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1187-RP |
| | § | |
| ST. VINCENT DEPAUL REHABILITATION | § | |
| SERVICES OF TEXAS, *d/b/a Peak Performers*, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Victoria Celeste Hernandez's ("Hernandez") Motion to Lift Stay of Litigation, (Dkt. 15), and Hernandez's Motion to Withdraw Certain Exhibits and to Seal Withdrawn Exhibits, (Dkt. 16). Having considered the parties' briefs, the evidence, and the relevant law, the Court issues the following order.

## I. BACKGROUND

Hernandez, proceeding *pro se*, filed her original complaint in this case on October 4, 2024. (Dkt. 1). Hernandez brings this employment discrimination suit under Title VII of the Civil Rights Act of 1964 against her former employer, Defendant St. Vincent DePaul Rehabilitation Services of Texas, Inc., d/b/a Peak Performers ("Defendant"). (*Id.*). Defendant filed a motion to compel arbitration, (Dkt. 10), which this Court granted pursuant to Hernandez's valid and enforceable arbitration clause contained in her Employment Agreement with Defendant. (Order Compelling Arbitration and Staying Case, Dkt, 11). Hernandez now claims that "arbitration has become fundamentally unfair due to Defendant's refusal to comply with the Arbitrator's discovery orders, intentional alteration of key documentary evidence, and pattern of providing false and contradictory

1

information across multiple forums." (Mot. to Lift Stay, Dkt. 15, at 1). She seeks to lift the stay on this case and litigate her claims in this Court, rather than continuing in arbitration proceedings.

Hernandez attached to the Motion to Lift Stay of Litigation a long list of exhibits. She subsequently moved to withdraw and seal certain exhibits, as she recognized after filing them that certain exhibits "were obtained solely through arbitration discovery or consist of arbitration orders or communications that may be subject to AAA confidentiality rules." (Mot. to Withdraw Exhibits, Dkt. 16, at 1).

## II. DISCUSSION

### A. Motion to Withdraw Exhibits

First, the Court addresses Hernandez's motion to withdraw certain exhibits filed with her motion to stay litigation that were meant to be confidential. She represents that she realized after filing her motion to lift the stay, (Dkt. 15), that certain attached documents "were obtained solely through arbitration discovery or consist of arbitration orders or communications that may be subject to AAA confidentiality rules." (Mot. to Withdraw Exhibits, Dkt. 16, at 1). Defendant agrees and asks that "any such materials filed by Plaintiff be sealed or stricken, consistent with the governing arbitration agreement and AAA rules." (Resp., Dkt. 18, at 2 n.1). The Court will therefore grant the motion and order that the exhibits attached to Hernandez's motion, (Dkt. 15-1), be sealed.[1]

### B. Motion to Lift Stay of Litigation

Hernandez contends that "arbitration has become fundamentally unfair due to Defendant's refusal to comply with the Arbitrator's discovery orders, intentional alteration of key documentary evidence, and pattern of providing false and contradictory information across multiple forums."

---

[1] The Court recognizes that some of the documents included within Dkt. 15-1 are likely not confidential and could remain public. Because Hernandez filed all of her exhibits as a single attachment, however, it is not possible for the Court to seal or strike only some of the exhibits and leave other exhibits public. Under these circumstances, the Court finds erring on the side of confidentiality to be the proper course of action.

(Mot. to Lift Stay, Dkt. 15, at 1). She represents that she filed a motion to compel discovery responses within the arbitration proceeding in October 2025, which the Arbitrator granted in part. (*Id.* at 4). Hernandez claims that Defendant's supplemental responses remain deficient, as they leave out responsive documents, contain some documents that appear to be altered, and contain contradictions. (*Id.* at 5, 18). She asserts that she "[e]ngaged in multiple meet-and-confer efforts to resolve disputes" and "[i]dentified specific noncompliance in writing," but Defendant purportedly continues to refuse to comply. (*Id.* at 18). Hernandez argues that Court intervention is now necessary, as the Arbitrator has limited enforcement authority and continuing arbitration proceedings would be "futile and unfair." (*Id.* at 10, 14–15).

Defendant responds that the Fifth Circuit has interpreted the Federal Arbitration Act ("FAA") to allow very limited court intervention into the arbitral process prior to the issuance of an award, such that the Court cannot currently intervene. *See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476. 486–87 (5th Cir. 2002). Instead, Defendant argues, the discovery disputes at issue are for the Arbitrator to decide. And, as to Hernandez's argument that raising her claims with the Arbitrator would be "futile," Defendant points to persuasive Fifth Circuit precedent stating that "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority, including with respect to conducting discovery and sanctioning failure to abide by ordered disclosures." *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. 2013) (citing *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1023 n.8 (5th Cir. 1990)).

Defendant also represents that contrary to Hernandez's assertions, she has mainly raised factual disagreements within the arbitration proceeding, rather than raised production deficiencies. (Resp., Dkt. 18, at 2–3). It claims that, rather than scheduling depositions as offered by Defendant,

Hernandez filed a second motion to compel raising new issues they had never previously conferred about and, without waiting for a ruling, filed the instant motion with this Court. (*Id.* at 3).

Hernandez replies that Defendant misstates the procedural history and mischaracterizes her conduct. (Reply, Dkt. 21, at 1). She also replies that she "is not claiming the Arbitrator is powerless or unwilling to manage discovery. . . . What Plaintiff challenges is a pattern of conduct . . . that an arbitrator, operating under limited enforcement tools, cannot fully address." (*Id.* at 7). She does not cite any case law supporting that an arbitrator cannot handle the alleged misconduct by a party within an arbitration proceeding.

The Court agrees with Defendant that (A) the Arbitrator *does* have the power to manage the parties' discovery disputes and enforce compliance and (B) there are no valid grounds for the Court to intervene at this time. Arbitrators may "devise appropriate sanctions for abuse of the arbitration process." *Forsythe Intern.*, 915 F.2d at 1023 n.8. Hernandez has not provided the Court with any evidence that the Arbitrator has attempted but failed to sanction Defendant. Plus, Fifth Circuit precedent is clear:

> **Additionally, this court follows the rule by which challenges to the procedural aspects of arbitration are for the arbitrator to decide**, while challenges to the substantive arbitrability of disputes are for the courts to decide. . . . *see also Livingston v. John Wiley & Sons, Inc.*, 313 F.2d 52, 62 (2d Cir. 1963) ("[I]ssues of compliance with grievance and arbitration procedure . . . are properly within the competence of the arbitrator."). As the Fourth Circuit has explained, "[g]enerally, objections to the nature of arbitral proceedings are for the arbitrator to decide in the first instance ... [f]airness objections should generally be made to the arbitrator subject only to limited post-arbitration judicial review as set forth in section 10 of the FAA." *See Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 940–41 (4th Cir. 1999). . . .
>
> **We find no authority under the FAA for a court to entertain [challenges to the fairness of arbitration procedures] prior to issuance of the arbitral award**.

*Gulf Guar. Life Ins. Co.*, 304 F.3d at 487–88 (emphasis added). Hernandez is challenging the fairness of her ongoing arbitration proceeding, and this Court is bound by the Fifth Circuit's

4

holding that it has "no authority under the FAA to entertain" such a challenge "prior to the issuance of the arbitral award.[2] *See id.* The Court will therefore deny her motion to lift the stay on this litigation, as the issues she has raised here must be raised in the arbitration proceeding itself or with this Court after the issuance of an arbitral award.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Hernandez's Motion to Withdraw Certain Exhibits and to Seal Withdrawn Exhibits, (Dkt. 16), is **GRANTED**, such that the Clerk of Court shall **SEAL** the exhibits attached to Hernandez's Motion to Lift Stay of Litigation, (Dkt. 15-1).

**IT IS FURTHER ORDERED** that Hernandez's Motion to Lift Stay of Litigation, (Dkt. 15), is **DENIED**.

**SIGNED** on January 28, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Hernandez argues that *Phillips* supports her argument that the Court can intervene. 173 F.3d 933, 940–41 (4th Cir. 1999). But that opinion's holding relates to the terms of an arbitration agreement that were fundamentally unfair. *Id.* at 940–41. Here, Hernandez is not challenging the terms of the arbitration agreement she signed; rather, her complaints are about Defendant's alleged conduct within the arbitration proceeding.